MURDOCK, Justice
(concurring specially).
I question the holding of the Court in Bessemer Water Service v. Lake Cyrus Development Co., 959 So.2d 643 (Ala.2006) (“Bessemer /”), that waterlines installed by a private developer on what, at the time of installation, was the developer’s privately owned land constituted a “public works” on “public property” under §§ 39-5-1(4) and (5), Ala.Code 1975.[6] That decision, however, is res judicata and is not, in its own right, before this Court today. Nonetheless, based in part on the foregoing, I certainly agree with the main opinion that the evidence does not indicate that LCDC knew — indeed, I submit that, before the Court’s decision in Bessemer I, it had no reason to know — that its installation of waterlines within the boundaries of its own property under the circumstances presented would be in violation of some public-bid law, e.g., § 39-2-2.

. For that matter, I do not understand how the contractual arrangement at issue lent itself in any practical or logical way to the letting of public bids. It was a contract between a provider of a utility service and a single customer describing the terms and conditions under which the provider would provide a utility service to that single customer through transmission lines to be installed by that customer on its own property. It was, in its essence, simply an agreement for the provider to reimburse that single customer for some of the costs that customer would incur to install waterlines on its own property, this being partial consideration for that private party’s choosing to receive water through those lines from that provider rather than some other provider. There was no other party to bid on the terms and conditions of this one-on-one arrangement. It certainly was not for BWS to decide whether to engage some third party to install such lines; this was a decision belonging solely to LCDC, the sole owner of the property and the transmission lines at the time of the installation.